UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-21767-CIV-MOORE/GARBER
05-20984-CIV-MOORE/GARBER

**CLOSED CIVIL CASE**

ISHMAEL JOHNSON,

        Plaintiff,

vs.

WALGREEN CO.,

        Defendant.

_____/

## ORDER OF DISMISSAL

THIS CAUSE came before the Court sua sponte. In the interests of judicial economy the action numbered 06-21767-CIV-SEITZ/McALILEY was transferred to the undersigned on November 27, 2006 (DE #15) due to the issues in the case being identical to those presented in Case No. 05-20984-CIV-MOORE/GARBER. This Court then issued an Order to Show Cause (DE #16) in which the parties were instructed to brief the issue of whether the current cause of action is barred by res judicata, collateral estoppel or law of the case. The parties then each responded (DE #17, 18 & 19) to the Court's Order.

UPON CONSIDERATION of the parties' response to the Court's Order to Show Cause, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. BACKGROUND

**A. Factual History**

Plaintiff Ishmael Johnson ("Plaintiff" or "Johnson") is a double amputee (both legs) and is blind in his right eye. Plaintiff is confined to a wheelchair for mobility. On March 9, 2005,

Plaintiff went to a Walgreen's store owned and/or operated by Defendant at 12995 Biscayne Blvd., North Miami, Florida 33161 to fill medical prescriptions. While waiting for these prescriptions, Johnson felt stomach pain and needed to use the restroom. Due to the restroom's doorway and the toilet stall's doorway being too narrow, Johnson could not gain access to the restroom by himself. Johnson requested assistance from a Walgreen's employee, but was refused. Another customer, Albert de Lama ("de Lama"), offered to help Johnson into the restroom. Exerting enough force to break both foot pedals off the wheelchair, they were able to push the wheelchair through the doorway. Unfortunately, they could not get Johnson's wheelchair into the stall as the door was too narrow. De Lama then tried to help Johnson out of his wheelchair and into the stall, but Johnson fell into the stall and hit his back on the toilet. Johnson then involuntarily defecated in his pants.

**B. Procedural History**

Plaintiff previously filed an action, Case No. 05-20984-Civ-Moore/Garber (the "2005 Action"), alleging the exact same facts and circumstances. In that case, there were three (3) claims. Most relevant to the case at bar is Count III of the 2005 Action which sought damages under the Florida Civil Rights Act, Fla. Stat. §§ 413.08 & 760.07. On June 3, 2005, Defendant filed a Motion for Partial Dismissal (DE #12 in the 2005 Action) as to Count III of the 2005 Action. Plaintiff never filed a Response. Accordingly, on July 5, 2005, this Court granted Defendant's Motion for Partial Dismissal (DE #18 in the 2005 Action). No further action regarding Count III of the 2005 Action was taken.[1] Subsequently, the parties submitted an Agreed

---

[1] Plaintiff's current counsel has proffered a letter to Defendant's counsel (DE #19, Ex. E) (the same counsel in the 2005 Action as this case) from Plaintiff's former counsel noting an agreement of a ten (10) day extension for Plaintiff to reply to Defendant's Motion to Dismiss. The

Notice of Settlement informing the Court that they had resolved Counts I & II (DE #27 in the 2005 Action). In response to the Court's Notice of Court Practice Upon Notice of Settlement (DE #28 in the 2005 Action), the parties submitted a Joint Stipulation of Dismissal (DE #29 in the 2005 Action). The Court then issued its Order of April 11, 2006 (DE #30 in the 2005 Action) that dismissed the 2005 Action with prejudice.

Subsequently, Plaintiff (through new counsel) filed a three (3) count complaint on June 7, 2006 in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, that Defendant removed to the United States District Court for the Southern District of Florida (DE #1). This case was initially assigned to the Honorable Patricia A. Seitz, U.S. District Judge and was then transferred to the undersigned in the interests of judicial economy. The Amended Complaint in this case arises from the exact same factual allegations and circumstances as those that gave rise to the 2005 Action.

## II. LEGAL STANDARD

"The purpose behind the doctrine of res judicata is that the 'full and fair opportunity to litigate protects adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999) (quoting Montana v. United States, 440 U.S. 147 (1979)). A "claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in

---

Court notes, however, that no joint motion for extension was filed by the parties, no agreed motion for extension of time was filed by Plaintiff, and no motion for reconsideration of the Court's Order (DE #18 in the 2005 Action) was ever filed.

3

both cases." Id.

### III. ANALYSIS

This case, on its face, meets all four elements under the Eleventh Circuit's test to determine res judicata. The 2005 Action provided a final judgment on the merits; this Court is one of competent jurisdiction; the parties are identical; and the same cause of action is involved in both cases. The only remaining inquiry is whether Count III of the 2005 Action somehow survived the Court's Orders of Dismissal in the 2005 Action. For the following reasons, the Court finds that it did not.

The U.S. Court of Appeals for the Eleventh Circuit has stated that a "judgment dismissing an action with prejudice based upon the parties' stipulation, unlike a judgment imposed at the end of an adversarial proceeding, receives its legitimating force from the fact that the parties consented to it." Norfolk Southern Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1288 (11th Cir. 2004). Where the parties consent to a dismissal based on a settlement agreement, the principles of res judicata apply in a somewhat modified form to the matters specified in the settlement agreement. Id.

Further, a dismissal of an entire complaint due to failure of counsel to reply to a motion to dismiss is generally too severe of a sanction. See, e.g., Woodham v. American Cystoscope Co. of Pelham, N.Y., 335 F.2d 551, 554-56 (5th Cir. 1964).[2] Dismissal of an entire complaint, or a claim therein, however, when a plaintiff fails to prosecute a claim or comply with the rules or any order of a court, is proper and justified under Fed. R. Civ. P. 41(b) and operates as an adjudication on the merits. See, e.g., Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

---

[2] The U.S. Court of Appeals for the Eleventh Circuit adopted as binding precedent the decisions of the U.S. Court of Appeals for the Fifth Circuit decided prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

4

The facts here warrant a dismissal of this case with prejudice based upon the principle of res judicata. Plaintiff elected to not contest Defendant's Motion to Dismiss Count III in the 2005 Action. The Court, upon a review of the Complaint in the 2005 Action and the Motion to Dismiss Count III and considering the facts in the light most favorable to the non-movant, granted Defendant's Motion to Dismiss Count III. Any e-mail colloquy between Plaintiff's former counsel and Defendant regarding an extension of time to respond is irrelevant to these proceedings. Further, any reservation of right to sue or attempted preservation of claim by Plaintiff's former counsel in its settlement negotiations with Defendant are irrelevant to these proceedings as the Court was not privy to them nor do they in any way disturb the Court's prior ruling that operates as an adjudication on the merits of Count III of the 2005 Action. Finally, even if Plaintiff were to be able to convince the Court that Count III somehow survived the Court's Order of July 5, 2005 (DE #18 in the 2005 Action), Plaintiff's conduct regarding Count III of the 2005 Action warrants a dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Federal Rules of Civil Procedure.

Accordingly, it is

ORDERED AND ADJUDGED that, pursuant to the doctrine of res judicata, Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE. Pursuant to Fed. R. Civ. P. 58(a), the Court shall entire a separate order of final judgment. Further, it is

ORDERED AND ADJUDGED that Case No. 06-21767-CIV-MOORE/GARBER is hereby CONSOLIDATED with Case No. 05-20984-CIV-MOORE/GARBER. Any further filings shall bear the Case No. 05-20984-CIV-MOORE/GARBER only. Finally, as no other claims remain, it is

ORDERED AND ADJUDGED that the Clerk of Court shall CLOSE this case. All

pending motions not yet ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of February, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record
U.S. Magistrate Judge Garber